1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11   SKYLER McMILLION,                              No.  1:24-cv-01557-KES-SAB (PC)

12                    Plaintiff,                     FINDINGS AND RECOMMENDATION
                                                     RECOMMENDING DISMISSAL OF
13          v.                                       ACTION FOR FAILURE TO STATE A
                                                     COGNIZABLE CLAIM FOR RELIEF
14   J. DOER, et al.,
                                                     (ECF No. 21)
15
                     Defendants.
16

17

18          Plaintiff is proceeding pro se and in forma pauperis in this civil rights complaint pursuant

19   to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

20          Plaintiff's complaint in this action was filed on June 30, 2025.  (ECF No. 1.)

21          On July 29, 2025, the Court screened the complaint, found that Plaintiff failed to state a

22   cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF

23   No. 20.)

24          Plaintiff failed to file an amended complaint or otherwise respond to the July 31, 2025

25   order.  Therefore, on September 24, 2025, the Court issued an order for Plaintiff to show cause

26   why the action should not be dismissed.  (ECF No. 21.)  Plaintiff has failed to respond to the

27   order to show cause and the time to do so has now passed.  Thus, the operative complaint before

28   the Court is the initial complaint, which as explained below, fails to state a cognizable claim for

                                                      1

1 relief and dismissal of the action is warranted.

2 **I.**

3 **SCREENING REQUIREMENT**

4 The Court is required to screen complaints brought by prisoners seeking relief against a

5 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

8 "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

9 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

10 A complaint must contain "a short and plain statement of the claim showing that the

11 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

14 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

15 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

16 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

17 Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

18 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

19 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

20 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

21 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

22 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

23 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

24 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

25 at 969.

26 ///

27 ///

28 ///

2

**II.**

**COMPLAINT ALLEGATIONS**

The incidents at issue in this complaint took place at the United States Penitentiary in Atwater (USP Atwater).

On or about August 9 to October 9, 2024, USP Atwater was placed on lockdown for 60 days requiring inmates to be confined to their cells for 24 hours a day.  During this time, the Unit Team (consisting of Plaintiff's unit manager, case manager, and counselor) were responsible to make administrative remedy forms (including Federal Tort Claims Act forms) available to Plaintiff.  Plaintiff had no way to approach the Unit Team members to request administrative remedy forms.  Plaintiff sent a copout via institutional mail to the Unit Team requesting informal resolution of issues.

During the lockdown, Plaintiff was "cut off from the world" and denied: (1) access to current events; (2) communication with anyone outside the facility; (3) access to the court; (4) access to medical treatment; (5) access to his personal property; (6) access to cleaning supplies; and (7) access to commissary.

Plaintiff attempts to bring the following claim: (1) denial of access to administrative remedy forms; (2) denial of free speech and access to the courts in violation of the First Amendment; (3) denial of medical care under the Eighth Amendment; (4) denial of property in violation of the Fifth Amendment; (5) cruel and unusual punishment relating to the conditions of confinement under the Eighth Amendment; and (6) illegal search and seizure under the Fourth Amendment.

**III.**

**DISCUSSION**

**A.     Bivens**

Not all constitutional cases against federal officers for damages may proceed as <u>Bivens</u> claims. There is a two-part test to determine whether a <u>Bivens</u> action may proceed. <u>Ziglar v. Abbasi</u>, 582 U.S. 138-139 (2017).  To determine whether a <u>Bivens</u> claim is cognizable, a court first "ask[s] whether the case presents 'a new Bivens context'—i.e., is it 'meaningful[ly]'

1    different from the three cases in which the Court has implied a damages action." Egbert v. Boule,

2    596 U.S. 482, 492 (2022) (quoting Ziglar v. Abbasi, 582 U.S. at 139).  That is, the Court must

3    determine whether the claim presents a new context from the three cases the Supreme Court has

4    allowed to proceed under Bivens: Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388

5    (1971); Davis v. Passman, 442 U.S. 228 (1979); and Carlson v. Green, 446 U.S. 14 (1980). If the

6    answer is no, the claim may proceed. If the answer is yes, the court must apply a "special factors"

7    analysis to determine whether "special factors counsel hesitation" in expanding Bivens to the

8    action. Ziglar, 582 U.S. at 136.

9        In Egbert, the Supreme Court explained that the essential determination is "whether there

10    is any reason to think that Congress might be better equipped to create a damages remedy."  142

11    S.Ct. at 1803.  If any rational reason exists to defer to Congress to establish a remedy, courts

12    "may not recognize a Bivens remedy."  Id.   Further, the existence of alternative remedial

13    structures within the BOP can be a "special factor" to hesitate in finding an available Bivens

14    remedy.

15        Turning to Plaintiff's claims, the Supreme Court has never recognized a Bivens remedy

16    under the First Amendment and the Ninth Circuit has also refused to extend a Bivens remedy to a

17    claim under the First Amendment. Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) (citing

18    Iqbal, 556 U.S. at 675; Bush v. Lucas, 462 U.S. 367, 368 (1983)); Lee v. Matevousian, 2018 WL

19    5603593, at *3-4 (E.D. Cal. Oct. 26, 2018) (declining to infer Bivens remedy for First

20    Amendment retaliation and denial of access to courts claims).  Since Ziglar v. Abbasi, the Ninth

21    Circuit has declined to extend the Bivens remedy to claims brought under the First Amendment.

22    See Schwarz v. Meinberg, 761 F. App'x 732, 734-35 (9th Cir. 2019) (finding denial of access to

23    courts claim was a "new Bivens context" and declining to extend private right of action).

24        The Ninth Circuit has also declined to extend Bivens to claims relating to unsanitary cell

25    conditions. See Schwarz v. Meinberg, 761 F. App'x 732, 733–34 (9th Cir. 2019).  In addition,

26    the Ninth Circuit has found a Fifth Amendment procedural due process claim presents a new

27    Bivens context in the prisoner context and thus is not a viable claim.  See, e.g., Vega v. United

28    States, 881 F.3d 1146, 1153–54 (9th Cir. 2018).  Additionally, to state a cognizable due process

4

claim, a plaintiff must first identify a protected life, liberty, or property interest of which he has been deprived. Board of Regents v. Roth, 408 U.S. 564, 570–71 (1972). Plaintiff has not failed to do so as he alleges only that his personal property was confiscated because of the prison "shake down." (ECF No. 1 at 8-9). The Ninth Circuit has previous found that the deprivation of property involved a new Bivens context and is not an actionable claim. See Jackson v. McNeil, No. 20-35991, 2023 WL 3092302, at *1 (9th Cir. Apr. 26, 2023). Although Plaintiff alleges the unavailability of a grievance process deprived him of access to the courts, (ECF No. 1 at 4), exhaustion is excused under § 1997e when a grievance process is unavailable, and Plaintiff cannot show "actual injury" to demonstrate a cognizable claim. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir.2010); see also Schwarz, 761 F. App'x at 734 ("Schwarz's access to courts claim under the First and Fifth Amendments . . . constitute[s] [a] new Bivens context[ ].").

The Ninth Circuit has recently determined that a denial of medical treatment can proceed under Bivens, in specific circumstances, if the individual prison staff acted with deliberate indifference to a serious medical need. Watanabe v. Derr, 115 F.4th 1034, 1043 (9th Cir. 2024).

The test for deliberate indifference consists of two parts. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. (internal citations and quotations omitted.) Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent. Id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. Id.

"A difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891

5

1  F.2d 240, 242 (9th Cir. 1989), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d

2  1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122-23 (9th Cir. 2012)

3  (citing <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986).  Rather, Plaintiff "must show that

4  the course of treatment the doctors chose was medically unacceptable under the circumstances

5  and that the defendants chose this course in conscious disregard of an excessive risk to [his]

6  health." <u>Snow</u>, 681 F.3d at 988 (citing <u>Jackson</u>, 90 F.3d at 332) (internal quotation marks

7  omitted).)  In addition, "[m]edical malpractice does not become a constitutional violation merely

8  because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>Snow</u>, 681 F.3d at 987-88, overruled in

9  part on other grounds, <u>Peralta</u>, 744 F.3d at 1082-83; <u>Wilhelm</u>, 680 F.3d at 1122.

10        Here, Plaintiff fails to allege an objectively serious medical need.  Plaintiff alleges that

11  during the lockdown he suffered from severe tooth pain and leg cramps and there was no doctor

12  to see him.  (ECF No. 1 at 7.)  These allegations do not present an objectively serious medical

13  need under the Eighth Amendment.  Plaintiff's claim that he suffered severe tooth pain and leg

14  cramps, lacks sufficient factual details to find it constitutes a serious medical need.  <u>See Jett</u>, 493

15  F.3d 1091, 1096 (9th Cir. 2006) (a serious medical need that a failure to treat "could result in

16  further significant injury or the unnecessary and wanton infliction of pain."); <u>see also</u> <u>Mendez v.</u>

17  <u>Morales</u>, 2025 WL 566200, at *12 (E.D. Cal. Feb. 20, 2025) (finding prisoner's leg cramps did

18  rise to the level of a serious medical need under the circumstances).  Plaintiff must provide

19  sufficient facts to plausibly allege his tooth pain and leg cramps were so severe that failure to treat

20  promptly would result in the "unnecessary and wanton infliction of pain."

21        Second, even if Plaintiff demonstrated a serious medical need, he does not link or allege

22  who was responsible for the denial of medical care.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 832, 837

23  (1994) (prison official is deliberately indifferent only if he knows of and disregards an excessive

24  risk to inmate health or safety by failing to take reasonable steps to abate it.).  Accordingly,

25  Plaintiff fails to state a cognizable claim for relief.

26        **B.   FTCA**

27        In 1946, Congress passed the FTCA, "which waived the sovereign immunity of the United

28  States for certain torts committed by federal employees." <u>Brownback v. King</u>, 592 U.S. 209, 212

6

1  (2021) (quoting F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)); see also 28 U.S.C. §§ 1346(b)(1),

2  2674.

3        The FTCA is a limited waiver of sovereign immunity and allows for the United States to

4  be held liable for certain specified state tort actions, including negligence resulting in personal

5  injury. 28 U.S.C. § 1346(b).  The FTCA provides the exclusive remedy for torts committed by

6  federal employees acting within the scope of their employment. Nurse v. United States, 226 F.3d

7  996, 1000 (9th Cir. 2000).  Because the remedy is against the United States and not against

8  individual employees, the United States is the only proper defendant for such a claim. 28 U.S.C. §

9  2679(b); Kennedy v. U.S. Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).  Under

10  the FTCA, the United States can be held liable for state torts "in the same manner and to the same

11  extent as a private individual under like circumstances," 28 U.S.C. § 2674, but not for

12  constitutional tort claims, FDIC v. Meyer, 510 U.S. at 478.

13        To state a claim under the FTCA, a plaintiff must allege facts that support his tort claim

14  and satisfy the elements of a claim in accordance with the state law where the act or omission

15  occurred. 28 U.S.C. § 1346(b)(1); United States v. Olson, 546 U.S. 43, 45–46 (2005).  Under

16  California law, to state a claim the plaintiff must show that the "defendant had a duty to use due

17  care, that he breached that duty, and that the breach was the proximate or legal cause of the

18  resulting injury." Brown v. USA Taekwondo, 483 P.3d 159, 164 (Cal. 2021) (quoting Nally v.

19  Grace Cmty. Church, 47 Cal. 3d 278, 292 (1988)).

20        In this instance, Plaintiff fails to set forth any factual or legal circumstances giving rise to

21  a claim under the FTCA.  Indeed, Plaintiff makes only passing reference to the FTCA in his

22  complaint.  There are not sufficient allegations to demonstrate that any Defendants' actions or

23  inactions specifically resulted in harm under the FTCA.  As such, Plaintiff has not provided each

24  of the Defendants sufficient notice of the specific claims against them under the FTCA.  See Fed.

25  R. Civ. P. 8.  Consequently, without any linkage between the actions or inactions of each

26  individual Defendant and the harm alleged, Plaintiff's claims are nothing more than speculation,

27  devoid of factual support.

28  ///

1

**V.**

2

**RECOMMENDATION**

3          Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed

4    for failure to state a cognizable claim for relief.

5          This Findings and Recommendation will be submitted to the United States District Judge

6    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

7    **days** after being served with this Findings and Recommendation, Plaintiff may file written

8    objections with the Court, limited to 15 pages in length, including exhibits.  The document should

9    be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

10   advised that failure to file objections within the specified time may result in the waiver of rights

11   on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

12   Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14   IT IS SO ORDERED.

15   Dated:   **October 20, 2025**

16                                              STANLEY A. BOONE
                                                United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28